TIMOTHY P. NEWELL

*v.*

CITY OF CAMDEN et al.

A mortgagee made the mortgagor and the city of Camden, wherein the premises lie, parties defendant to his foreclosure. His bill alleged that the claim of the city for taxes, if a lien at all, was subsequent to his encumbrance. The city did not answer. The complainant took no decree *pro confesso*, in the first instance, but obtained a master's report that there was due on his mortgage $5,750. A decree was entered thereon, and also that the bill be taken as confessed, upon which the execution issued. Complainant bought in the premises at the sheriff's sale, for $4,000.—*Held*, that the city should be enjoined from collecting the taxes in arrear, and could not, in order to assail or defeat complainant's title, assert his irregularity in obtaining the master's report before taking his decree *pro confesso*, nor his failure to summon the city to appear before the master.

On bill for injunction.

*Mr. Alfred Hugg*, for complainant.

*Mr. J. W. Morgan*, for city of Camden.

BIRD, V. C.

This bill is for an injunction to restrain the city of Camden from proceeding to collect certain taxes by sale of lands. It appears that Newell's title rests upon a sale made by the sheriff under an execution issued upon a decree of this court in a suit to foreclose a mortgage in which the mortgagor and the city of Camden were defendants. The bill set out the mortgage and also

the claims of the city for taxes, and alleged that the taxes, if liens at all, were subsequent to the mortgage of the complainant. The defendants, the city of Camden, did not answer. The complainant took no decree *pro confesso* in the first instance, but procured a master to report the amount due upon his bond and mortgage. The master reported $5,750.83 to be due. A decree was then taken confirming the master's report, and also that the bill be taken as confessed, upon which the execution issued.

It is now insisted, by the city of Camden, that that decree was not regularly obtained. This is the general allegation of the answer to this bill for injunction. Upon the argument, it was urged that the complainant in the foreclosure suit, obtained no decree *pro confesso* before he obtained a report of the amount due from the master, nor did he summon the defendant, the city of Camden, to appear before the master.

I am satisfied that no injustice has been done to the defendant, the city of Camden. It was made a defendant to the suit to foreclose. The complainant in that suit charged that the taxes, if a lien at all, were subsequent to his mortgage. The city did not in any manner question this allegation. The complainant then gave the city its proper place in the order of priority. In strict practice, it may be, that the complainant should have taken a decree *pro confesso* before he obtained the report of the master; but as to that, I can only say it would have been more of form than substance. I think the twenty-first and twenty-second rules have been complied with substantially. The proceeds of the sale were only $4,000, being $1,700 less than the amount due upon the complainant's mortgage.

I think I should observe that if the city of Camden felt itself aggrieved by the alleged irregularity, equity would require it to promptly call attention to the irregularity. Had it not been a party it might sleep; but being in court, some diligence is required.

I will advise that the injunction be made perpetual, with costs.